[No. B028692. Second Dist., Div. One. Feb. 1, 1988.]

BANK OF SEOUL AND TRUST COMPANY, Plaintiff and Appellant, v.
CONRAD C. MARCIONE et al., Defendants and Respondents.

**COUNSEL**

James S. Cahill and Charles C. Kwak for Plaintiff and Appellant.

Hayes, Hume, Petas & Langberg, Barry B. Langberg and Harvey J. Miller for Defendants and Respondents.

## OPINION

### HANSON, J.—

#### INTRODUCTION

Plaintiff Bank of Seoul and Trust Company appeals from an order sustaining the demurrer of defendants Conrad C., Lillian B., Eugene, and Geraldina Marcione without leave to amend and dismissing the first amended complaint. We reverse.

#### STANDARD OF REVIEW

■ In testing a complaint, a demurrer admits all material and issuable facts properly pleaded. However, it does not admit contentions, deductions, or conclusions of fact or law in the complaint. (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732]; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].)

#### FACTS

Plaintiff's first amended complaint alleged the following facts. Chul Soo and Kyung Sook Park owned improved real property in Burbank. The Parks, on September 3, 1980, to secure payment of the principal sum and interest provided in an all-inclusive note, executed and delivered to defendants a trust deed. The trust deed conveyed the property to Service Escrow Company as trustee, naming defendants as beneficiaries. Later G. T. Service Corporation (hereinafter sometimes G.T.) was substituted as trustee.

The Parks, in September 1983, executed and delivered to plaintiff Bank of Seoul and Trust Company a trust deed conveying the property to Ticor Title Insurance Company of California as trustee.

In February 1985, G. T. recorded a notice of default and election to sell in the Los Angeles County official records, averring that the Parks had breached their obligation to defendants Marcione. After G. T. Service Corporation noticed its intent to sell the property at a public auction, it held a nonjudicial foreclosure sale on January 10, 1986.

Representatives of the Bank of Seoul attended, and were ready, able, and willing to bid in excess of $200,000 for the property by a bank cashier's check. Only plaintiff and the Marciones attended the auction. Before completing the sale, plaintiff's representatives announced to G. T.'s crier, "we

bid," but the crier ignored them, denying plaintiff an opportunity to specify its higher bid, and declared the property sold to the Marciones for their credit bid of $107,348.63. The Marciones and G. T. Service Corporation refused plaintiff's immediate demand to reopen the bidding and allow plaintiff to state a higher bid.

G. T. Services Corporation delivered and executed a trustee's deed for the property, recorded in the Los Angeles County Recorder's Office on January 23, 1986. The fair market value of the property exceeded $330,000. At the time of the sale, the Parks owed plaintiff over $200,000, secured by the property and subordinate to the Marciones' trust deed. Plaintiff, as junior lienholder, had an equity interest in the property exceeding $130,000, and was entitled to receive any surplus from the sale to the extent plaintiff's equity was more than the amount owed to defendants.

The first amended complaint stated four causes of action against defendants Marcione: 1) to set aside the trustee sale; 2) to cancel the trustee's deed; 3) for damages for wrongful trustee's sale; 4) for unjust enrichment against defendants Marcione.

G. T. Service Company's demurrer was overruled on January 9, 1987; it cross-complained against the Marciones for indemnity and contribution, but this appeal only involves the Bank of Seoul's causes of action against defendants Marcione.

Defendants Marcione, on February 19, 1987, again demurred to plaintiff's four causes of action for failing to state a cause of action against under Code of Civil Procedure section 430.10, subdivision (e). The trial court sustained the demurrer on March 6, 1987, and filed a notice of ruling and an order re: grant of demurrer on March 26, 1987.

Plaintiff filed a notice of appeal on July 7, 1987.

### APPEALABILITY OF ORDER

The trial court's sustaining of the defendants Marciones' demurrer to the four causes of action and dismissal of plaintiff's first amended complaint as to those defendants concluded the participation of those parties in the litigation. As such, the grant of demurrer was a final judgment as to those parties in whose favor, and against whom, it was rendered. It thus forms an exception to the final judgment rule, and becomes a final judgment for purposes of appeal to this court. (*Seidner* v. *1551 Greenfield Owners Assn.* (1980) 108 Cal.App.3d 895, 901 [166 Cal.Rptr. 803];*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Diaz*

v. *United California Bank* (1971) 71 Cal.App.3d 161, 166 [139 Cal.Rptr. 314].)

The record on appeal reflects neither service of written notice of entry of judgment by any party upon the party filing the notice of appeal, nor mailing of notice of entry of judgment by the clerk of the court. Thus, pursuant to rule 2 of the California Rules of Court, which permits filing of the notice of appeal within 180 days after the date of entry of the judgment, the plaintiff's notice of appeal was timely filed.

### ISSUE

Does the complaint's allegation of agency between the trustee and the beneficiary (i.e., the Marciones) survive the challenge of a demurrer?

### DISCUSSION

An auction implies that a subsequent bidder will exceed the previous bid. In the case at bench, the complaint alleges that plaintiff announced, "we bid." No amount was stated. While plaintiff's declaration indicates the willingness to match the previous bid, by the terms of Civil Code section 2924h, subdivision (a), their statement, "we bid," did not cancel the previous bid.

Civil Code section 2924h, subdivision (g) also states, however, that the trustee may not fix or restrain bidding in any manner, and makes the trustee liable for that or other misdeeds to the junior lienholder's detriment. The trustee at a foreclosure sale, moreover, has a duty to conduct the sale fairly and openly, and to secure the best price for the trustor's benefit. (*Block* v. *Tobin* (1975) 45 Cal.App.3d 214, 221 [119 Cal.Rptr. 288].) The trustee cannot arbitrarily reduce the pool of available bidders. "Since the trustee's sole obligation is to obtain the highest possible price, payable in 'good' money, needed to satisfy the indebtedness owed the beneficiary and recover for the trustor as much equity as possible, discretion ought to be measured, not by absolute terms, but by whether its exercise serves to promote competitive bidding by reliable bidders to secure the best possible price." (*Baron* v. *Colonial Mortgage Service Co.* (1980) 111 Cal.App.3d 316, 323 [168 Cal.Rptr. 450].) This duty extends to bidders. (*Id.,* at 324.)

In satisfying these duties, the trustee retains a measure of discretion. Civil Code section 2924g, subdivision (c)(1), for instance, gives the trustee discretion to postpone a sale, which the trustee may do to protect the trustor's or the beneficiary's interests. (See, e.g., *Pac. Ready-Cut Homes* v. *Title G. & T.*

*Co.* (1929) 103 Cal.App. 1, 5-6 [283 P. 963]: trustee receiving $13,000 as highest bid for property securing debt of over $101,000 justifiably continued the sale.) Any effort by the trustee and the beneficiary to thwart competitive bidding at a foreclosure sale contradicts the purposes of Civil Code section 2924h.

■ The courts scrutinize a sale held under power in a trust deed carefully, and will not sustain it unless it is conducted with fairness, openness, and scrupulous integrity, and the trustee exercises sound discretion to protect the rights of all interested parties and obtain the best possible price. (*Kleckner* v. *Bank of America* (1950) 97 Cal.App.2d 30, 33 [217 P.2d 28]; *Hill* v. *Gibraltar Sav. & Loan Assn.* (1967) 254 Cal.App.2d 241, 243 [62 Cal.Rptr. 188]; *System Inv. Corp.* v. *Union Bank* (1971) 21 Cal.App.3d 137, 153 [98 Cal.Rptr. 735].)

■ Although the law presumes prima facie the fair and proper conduct of a sale under a trust deed, other evidence can overcome that presumption. (*Wolfe* v. *Lipsy* (1985) 163 Cal.App.3d 633, 639 [209 Cal.Rptr. 801].) As Justice Kaufman has written, "While mere inadequacy of price, standing alone, will not justify setting aside a trustee's sale, gross inadequacy of price coupled with even slight unfairness or irregularity is a sufficient basis for setting the sale aside." (*Whitman* v. *Transtate Title Co.* (1985) 165 Cal.App.3d 312, 323 [211 Cal.Rptr. 582]: property allegedly worth $65,000 purchased for $12,000, and trustee denied trustor's request for statutory one-day postponement. See also *Sargent* v. *Shumaker* (1924) 193 Cal. 122, 129 [223 P. 464].)

■ In the case at bench, it would have taken no more than a few moments for the auctioneer-trustee to explain to plaintiff's representatives at the auction that to be valid, a bid must be more specific and exceed the amount of a prior bid. Given the negligible difficulty which pursuing a fair and open procedure would have imposed upon the auctioneer-trustee, and the severe detriment incurred by the junior lienholder, the conduct of this sale far exceeds the level of "slight unfairness or irregularity." The simple expedient of halting the sale for a few moments to explain bidding requirements would have insured that the auctioneer satisfied his primary duty, which is to create a free market for the property. Such an open market protects the economic interests of all parties to the sale. It did not exist under the facts as alleged.

■ The case at bench presents the question of whether, under these circumstances, a junior lienholder may impute a trustee's wrongdoing at a foreclosure sale to the trustee's principal, i.e., to the creditor and beneficiary of the trust deed.

■ A trustee under a trust deed is not a trustee in the technical sense, but is instead a "common agent of the parties to the instrument." (*Lupertino* v. *Carbahal* (1973) 35 Cal.App.3d 742, 747 [111 Cal.Rptr. 112]; see also *Garfinkle* v. *Superior Court* (1978) 21 Cal.3d 268, 283 [146 Cal.Rptr. 208, 578 P.2d 925].) ■ Does this agency relation permit a party to whom the trustee owes a duty to conduct a fair and competitive sale to impute a breach of that duty to the beneficiaries, the Marciones?

Civil Code section 2338 implies that it does. That section states: "Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal."

The first amended complaint in paragraph seven alleged that each defendant was the "agent, servant employee, joint venturer of each other, and in doing the things hereinafter described was acting within the purpose and scope of said agency, employment and joint venturer." (*Sic.*) Paragraph 11 alleged that "Circa January 10, 1986 at the insistance [*sic*] and direction of Marciones, [G. T. Service Corp.] and Does 26-50 conducted a non-judicial foreclosure sale of the subject real property." Paragraph 12 alleged that G. T.—which was conducting the sale—made a credit bid on behalf of the Marciones. That paragraph further alleged that despite plaintiff's immediate demand, after G. T. declared the auction closed, G. T., the Marciones, and Does 1-50 refused to reopen the bidding and allow plaintiff to state its higher bid. Paragraph 12 also alleged that G. T. and Does 26-50 executed and delivered to the Marciones a trustee's deed for the property.

In the case at bench, the beneficiary, through his agent, the trustee, acted as both bidder and auctioneer. The beneficiary, moreover, by making a credit bid of approximately $107,000, stood to acquire property allegedly worth some $330,000. This combination of motive and opportunity made the conduct of this sale appear inherently irregular and unfair, thus depriving a qualified bidder of the opportunity to bid on property. This deprivation, at a minimum, prevented the junior lienholder from recovering any of the funds it loaned and which this property secured. The sale thus resulted in the apparent enrichment of the beneficiary and senior lienholder by approximately $223,000, and the consequent loss to the Bank of Seoul of a security interest alleged to be worth $130,000.

On demurrer, neither this court nor the trial court determines a plaintiff's ability to prove the complaint's allegations at trial. That having been said, these allegations of agency seem sufficient to withstand the challenge of a

demurrer. (*Meyer* v. *Graphic Arts International Union* (1979) 88 Cal.App.3d 176, 178-179 [151 Cal.Rptr. 597].)

## DISPOSITION

The trial court's sustaining of the demurrer is reversed. Each party to bear their own costs.

Spencer, P. J., and Devich, J., concurred.

On February 26, 1988, the opinion was modified to read as printed above.