[No. A045292. First Dist., Div. Two. Oct. 30, 1990.]

NOEL HATCH et al., Plaintiffs and Appellants, v.
KATHRYN B. COLLINS et al., Defendants and Respondents.

## COUNSEL

Lasky, Hass, Cohler & Munter and Charles B. Cohler for Plaintiffs and Appellants.

Washburn, Briscoe & McCarthy, Sean McCarthy, Sandi L. Nichols, Dudugjian & Swoyer, Robert P. Dudugjian, Campbell & Heller, Richard Heller, Goodman, Herbert & Lucas, William Herbert and Garrison C. Rees, Jr., for Defendants and Respondents.

## OPINION

**SMITH, J.**—In this action to set aside a foreclosure sale of three parcels of real property which occurred more than seven years ago, plaintiffs and appellants Noel Hatch and Nola Hatch appeal from summary judgments entered in favor of the defendants and respondents, who are the beneficiaries under the deed of trust (Kathryn B. Collins et al., hereafter sometimes referred to as the Collins defendants), the purchasers at the foreclosure sale (hereafter the Emigh-Sanchez defendants) and the sale trustee and its agent (California Land Title Company and Rick Frost). We will affirm for two different but equally compelling reasons.

### BACKGROUND

The moving and opposing papers established the following undisputed facts:

On May 16, 1973, plaintiffs Noel and Nola Hatch, along with other family members (the Hatches) executed a promissory note in favor of the Collins defendants. Pursuant thereto, the Hatches executed and delivered a deed of trust securing four parcels of land located in Solano county, naming themselves as trustors and defendant California Land Title Company as trustee.

In 1982 the Hatches defaulted under their obligations under the promissory note and the Collins defendants recorded a notice of default and election to sell. After publishing and posting notices of sale, California Land Title, through its agent Richard Frost, held a nonjudicial foreclosure sale on April 25, 1983. Plaintiff Noel Hatch and his brothers Howard and Dell, who were also trustors on the deed of trust, attended. Attorney Dennis Bunting was present on behalf of the Collins defendants.

The sale was characterized by disorder and confusion—Howard and Dell were shouting at the prospective bidders, taking their pictures and handing out copies of a complaint and lis pendens with respect to the subject parcels.

The Hatches were given the opportunity to select the order in which the parcels were to be sold, but could not come to an agreement. Accordingly, Frost opened the bidding on the first of the parcels. In the confusion, Bunting made a bid for the full amount of the indebtedness, believing he was bidding on all four parcels. Before Frost accepted the bid,[1] one or more of the Hatch brothers jumped up and shouted that the sale was over and that the beneficiaries had made a full credit bid on only one parcel.

Complete chaos broke out, and Bunting thereupon requested that Frost call a postponement of the sale. Frost agreed, and publicly announced that the sale was being temporarily postponed until after a meeting between himself and Bunting; the two men then left the room to discuss the matter. Bunting explained to Frost that he thought he was bidding on all four parcels, and that he had no authority to make a full credit bid on only one parcel. Since the bid had not been accepted, Frost and Bunting decided the best course of action would be to reinitiate the sale and sell off each parcel individually, setting up minimum bids based on their acreage. The sale was reconvened and the lots sold in the order in which they appeared on the deed of trust. The Hatches did not object to this procedure and even participated in the bidding. The Emigh-Sanchez defendants were the successful bidders on two of the parcels and the Collins defendants on a third. All were given trustee's deeds to the property. The fourth parcel was not offered, since the proceeds from the first three sales satisfied the Hatches' outstanding indebtedness.

In August of 1986, more than three years after the trustee's sale was held, the Hatches filed an amended complaint labelled "breach of fiduciary duty, to set aside trustee's sale and damages." The complaint alleged that the sale was improperly held because Frost and Bunting had "collusively agreed" to

---

[1] Frost denied that he ever heard the bid. However a third party, who was present at the sale, claims to have heard it.

allow Bunting to withdraw a full credit bid on only one parcel, "in violation of the trustee's duty to conduct an open sale." The Hatches prayed for a cancellation of the deeds, the imposition of a constructive trust on the property, and for consequential damages.

All defendants moved for summary judgment based upon the expiration of the statute of limitations and the lack of substantive merit to the action. The court ordered summary judgment in favor of California Land Title and Frost on the ground that the applicable two- and three-year statutes of limitations (Code Civ. Proc., §§ 338, 339) had run. Summary judgment for the purchaser defendants was granted based on the absence of any allegation of a contractual relationship between the Hatches and those defendants and the expiration of all other applicable statutes of limitations. The Hatches appeal from both judgments.

APPEAL

I

*Statute of Limitations*

The foreclosure sale by which the Emigh-Sanchez and Collins defendants purchased three of the parcels which the Hatches had owned took place on April 25, 1983. The Hatches did not file an amended complaint alleging the present causes of action until August 8, 1986.[2]    The first question on appeal is the propriety of the trial court's determination that the Hatches' action was barred by the statute of limitation periods set forth in Code of Civil Procedure sections 338 and 339.[3]

Respondents assert that the Hatches seek relief for breach of statutory duties by the trustee or fraud (both governed by three-year limitations periods), or alternatively, simple negligence in the performance of professional services (which carries a two-year limit). (§§ 338, 339.) The Hatches, on the other hand, seek to avoid the bar of the statute by claiming that the gist of their complaint is for breach of fiduciary duty or breach of a written contract, each of which is governed by four-year time limits. (§§ 343, 337.)

---

[2] On August 10, 1984, the Hatches filed a complaint against the Collins defendants and California Land Title for specific performance and breach of fiduciary duty alleging causes of action unrelated to those at bar and which were eventually abandoned. The trial court, both explicitly and implicitly, refused to apply the "relation back" doctrine so as to deem the present causes of action as having been brought in 1984. No challenge to that ruling is asserted here.

[3] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

■ Although the Hatches label their complaint "Breach of Fiduciary Duty . . ." and, in conclusory fashion, allege that Frost and California Land Title breached their "contractual obligation under the deed of trust . . ." we must disregard those characterizations for purposes of determining which limitations period applies. "[T]he applicable statute of limitations is determined by the substance or gravamen of the action rather than the form of the pleading." (*Giffin* v. *United Transportation Union* (1987) 190 Cal.App.3d 1359, 1362 [236 Cal.Rptr. 6] [action against labor union labelled breach of contract held governed by three-year statute for liability created by statute]; accord *Guess, Inc.* v. *Superior Court* (1986) 176 Cal.App.3d 473, 478 [222 Cal.Rptr. 79]; *Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 704 [113 Cal.Rptr. 579, 3 A.L.R.4th 1209]; *Day* v. *Greene* (1963) 59 Cal.2d 404, 411 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802].)

■ Reduced to its essentials, the amended complaint complains of two wrongs: (1) a breach of the trustee's duty "to conduct a fair and open sale" of the property by postponing and reinitiating the sale, thereby nullifying Bunting's initial full-credit bid; and (2) a fraudulent (i.e., collusive) agreement between Bunting and the trustee to allow Bunting to withdraw his bid, thereby permitting the parcels to be sold "at an artificially depressed price."

It is immediately clear that a three-year limitations period applies to any cause of action, however designated, founded upon a fraudulent conspiracy between the trustee and beneficiaries to deprive the Hatches of the best price for their property at the trustee sale. Section 338, subdivision (d) provides for a three-year statute for "[a]n action for relief on the ground of fraud or mistake." This statute applies to any action for conspiracy based upon fraud. (*Filice* v. *Boccardo* (1962) 210 Cal.App.2d 843, 846 [26 Cal.Rptr. 789].) Moreover, the section is comprehensive and applies "if fraud or mistake is the basis of the legal injury (the 'ground' of the action) . . . regardless of whether the complaint seeks legal or equitable relief or pleads a cause of action in tort or contract." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 448, p. 480; accord *Douglas* v. *Douglas* (1951) 103 Cal.App.2d 29, 32 [228 P.2d 603].) Thus, the three-year statute applies to any equitable action, such as the one herein, to cancel an instrument and impose a constructive trust based on fraud. (See 3 Witkin, *op. cit. supra*, § 450, p. 481.)

Although the statute does not begin to run until discovery of the facts constituting the fraud (§ 338, subd. (d)), or, in the case of an ongoing conspiracy to defraud, when the last overt act pursuant to the conspiracy has been completed (*Wyatt* v. *Union Mortgage Co.* (1979) 24 Cal.3d 773, 786-787 [157 Cal.Rptr. 392, 598 P.2d 45]), there are no allegations of fact in

the complaint supporting these postponed accrual provisions, and the Hatches have not asserted that they are applicable herein.

Since any cause of action based on collusion between Frost and Bunting is time-barred, we therefore turn to the Hatches' principal contention that Frost's conduct alone constituted either a breach of written contract or breach of fiduciary duty. Neither characterization is warranted.

The Hatches' assertion that the action could be governed by section 337, the four-year limitations period for breach of written contract, may be quickly dispatched. The deed of trust constitutes a contract between the *trustor* and the *beneficiary*, with the trustee acting as agent for both and acting pursuant to the terms of the instrument and their instructions. (*Garfinkle* v. *Superior Court* (1978) 21 Cal.3d 268, 277 [146 Cal.Rptr. 208, 578 P.2d 925]; 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9.3, pp. 16-17 (hereinafter Miller & Starr).) The complaint does not indicate how the trustee, a nonsignatory, became a "party" to the contract, nor does it identify what covenant of the deed of trust was breached. To the contrary, the allegations sound exclusively in tort. Accordingly, section 337 does not apply. (3 Witkin, Cal. Procedure, Actions, *op. cit. supra*, § 363, p. 391.)

■ Where property is acquired by a breach of fiduciary duty not amounting to actual fraud, the four-year "catch-all statute," section 343, is applicable. (3 Witkin, *op. cit. supra*, § 470, p. 500.) ■ Central to the Hatches' argument that this statute applies to Frost's alleged misconduct is the theory that a trustee in a deed of trust stands in a "fiduciary relationship" to the trustor, subjecting his conduct at the foreclosure sale to the scrutiny normally ascribed to trustees with respect to their trustors or beneficiaries. However, established law refutes such a proposition.

■ A trustee under a deed of trust has neither the powers nor the obligations of a strict trustee; rather, he serves as a kind of common agent for the trustor and the beneficiary. (3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 7, p. 520; *Stephens, Partain & Cunningham* v. *Hollis* (1987) 196 Cal.App.3d 948, 955 [242 Cal.Rptr. 251] (*Hollis*).) His agency is a passive one, for the limited purpose of conducting a sale in the event of the trustor's default or reconveying the property upon satisfaction of the debt. (4 Miller & Starr, *op. cit. supra*, § 9.3, p. 16; see *Fleisher* v. *Continental Auxiliary Co.* (1963) 215 Cal.App.2d 136, 139 [30 Cal.Rptr. 137].) Often the trustee is a title company, which is unaware of its selection as trustee and has no knowledge of either the transaction or the identity of the beneficiary. (4 Miller & Starr, op. cit. *supra*, § 9.3, p. 15.) Consequently, "The use of the term 'trustee' in the deed of trust is unfortunate and misleading. The 'trustee' of a deed of trust is not a trustee at all in

a technical or strict sense . . . . He does not assume the obligations which are imposed on a trustee by operation of law, and the statutes applicable to trustees of express trusts do not apply to deeds of trust. *The trustee of a deed of trust does not possess the personal confidence for the benefit of another required for a true trust relationship.*" (4 Miller & Starr, *op. cit. supra*, § 9.3, at pp. 13-14, italics added; see also *Hollis, supra*, 196 Cal.App.3d at pp. 955-956, holding that trustee may acquire the property at a foreclosure sale for his own benefit.) A trustee therefore, while an agent for both the beneficiary and the trustor, does not stand in a fiduciary relationship to either. (*Baron v. Colonial Mortgage Service Co.* (1980) 111 Cal.App.3d 316, 323 [168 Cal.Rptr. 450].)[4]

■ It is true, as the Hatches repeatedly point out, that a trustee has a general duty to conduct the sale "fairly, openly, reasonably, and with due diligence," exercising sound discretion to protect the rights of the mortgagor and others. (*Baron v. Colonial Mortgage Service Co., supra*, 111 Cal.App.3d 316, 323; *Bank of Seoul & Trust Co. v. Marcione* (1988) 198 Cal.App.3d 113, 118 [244 Cal.Rptr. 1]; *Block v. Tobin* (1975) 45 Cal.App.3d 214, 221 [119 Cal.Rptr. 288].) It by no means follows, however, that this duty is a *fiduciary* one.

By analogy, it is generally recognized that the law imposes upon a real estate agent a duty toward his *own client* of " ' "undivided service and loyalty that it imposes on a trustee in favor of his beneficiary." [Citations.]' " (*Wyatt v. Union Mortgage Co., supra*, 24 Cal.3d 773, 782.) On the other hand, a realtor has a general duty of "honesty and fairness" toward all parties to the sale transaction. (*Nguyen v. Scott* (1988) 206 Cal.App.3d 725, 735-736 [253 Cal.Rptr. 800]; *Easton v. Strassburger* (1984) 152 Cal.App.3d 90, 100-101 [199 Cal.Rptr. 383, 46 A.L.R.4th 521].) While the first duty might aptly be called "fiduciary," the latter most definitely is not. (See *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 42 [269 Cal.Rptr. 228]; 2 Miller & Starr, *op. cit. supra*, § 3.27, p. 157.) Likewise, while a breach of the trustee's duty to conduct an open, fair and honest sale may give rise to a cause of action for professional

---

[4] We have not overlooked language appearing in *Woodworth v. Redwood Empire Sav. & Loan Assn.* (1971) 22 Cal.App.3d 347, 366 [99 Cal.Rptr. 373] and quoted verbatim in *Kerivan v. Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225, 229 [195 Cal.Rptr. 53] stating that a trustee " 'is the agent of all the parties to the escrow . . . and bears a fiduciary relationship to each of them.' " Not only is this passage pure dictum, but both *Woodworth* and the case it relies on, *Ruth v. Lytton Sav. & Loan Assn.* (1968) 266 Cal.App.2d 831 [72 Cal.Rptr. 521], deal with the duties of title companies as *escrow agents*, not trustees under deeds of trust. The quoted language too casually, and we think erroneously, assumes that an agency relationship automatically makes the agent a fiduciary of the principal. As we have seen, that is especially untrue in the case of a deed of trust trustee, who has none of the incidents of ordinary trust responsibilities and limited powers and obligations.

negligence, breach of an obligation created by statute,[5] or fraud, it cannot be called a breach of any fiduciary relation. The Hatches' argument that the action is controlled by the four-year limit of section 343 for nonfraudulent breach of fiduciary duty is therefore without merit.

## II

### *Substantive Liability*

■ The granting of summary judgment will be upheld on appeal if there is any ground sufficient to support it, regardless of the one on which the trial court based its decision. (*Troche* v. *Daley* (1990) 217 Cal.App.3d 403 [266 Cal.Rptr. 34]; 9 Witkin, Cal. Procedure, Appeal, *op. cit. supra*, § 261, subd. (d), p. 268.) ■ Although the trial court predicated its ruling strictly on the statute of limitations, a review of the moving and opposing papers demonstrates that there was no triable issue of material fact to be resolved, and that defendants were entitled to a judgment on the merits.

There is a presumption that a sale under a deed of trust was conducted regularly and fairly, and the burden is on the party attacking the validity of the sale to overcome that presumption. (Civ. Code, § 2924; Bernhardt, Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1990) (hereinafter cited as CEB) §§ 6.39, 6.40, pp. 317, 319.)

According to the uncontradicted evidence, the sale commenced amidst chaos and confusion. Frost opened the bidding on the first of the four Hatch parcels, Bunting made a full-credit bid believing that he was bidding on all four parcels, and before any response to the bid had been made, the Hatches shouted that the sale was over. Regardless of whether he heard the bid or not, *Frost never accepted it.* At Bunting's request, Frost announced a temporary postponement of the sale, and a short time later the sale was reconvened and the parcels sold seriatim.

The trustee has discretionary authority to postpone the sale to protect either the trustor's or the beneficiary's interest. (*Bank of Seoul & Trust Co.* v. *Marcione, supra*, 198 Cal.App.3d 113, 118.) In addition, Civil Code section 2924g, subdivision (c)(1) *expressly* grants the trustee authority to postpone the sale upon request of the beneficiary. Once the sale is postponed, all bids are automatically cancelled. (Civ. Code, § 2924h subd. (e); CEB § 2.23, p. 82.)

---

[5] Civil Code sections 2924-2924i set forth a comprehensive scheme regulating the nonjudicial foreclosure of deeds of trust, including the procedure at a foreclosure sale. (See *I. E. Associates* v. *Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 285 [216 Cal.Rptr. 438, 702 P.2d 596].)

The evidence showed conclusively that Frost acted within his statutory and discretionary authority in postponing the sale. Indeed, he had no other alternative, in light of the facts that (1) the Hatches had completely frustrated the bidding process by prematurely announcing that the sale was over, and (2) the beneficiaries' duly appointed representative made a request for a postponement. Frost announced that the sale was being postponed "by public declaration . . . at the time and place . . . appointed for sale" in accordance with the prescriptions of the statute. (Civ. Code, § 2924g subd. (d).) Whatever conversation took place between Frost and Bunting during their meeting was quite irrelevant because Bunting's bid was cancelled by operation of law as soon as the postponement was announced. Frost had no *authority*, let alone a *duty,* to compel Bunting to make the same bid once the sale recommenced, and the record is bereft of evidence that the reinitiated sale was not performed in accordance with competitive bidding practices or did not reap a fair price for the parcels.

In sum, there was no evidence to go to a jury on whether the trustee breached his duty of conducting a fair, honest and open sale of the property and the Hatches failed to rebut the statutory presumption of fairness. The motion for summary judgment was good on the merits. Affirmance is compelled for this additional reason.[6]

### DISPOSITION

The judgments appealed from are affirmed.

Kline, P. J., and Benson, J., concurred.

---

[6] By the Hatches' admission, the only possible basis for liability of the purchaser defendants is that they took title with notice of the "impropriety" in the sale. Since there was no impropriety in the sale, these defendants are not liable as a matter of law. We therefore do not reach their claim that they were insulated from liability as bona fide purchasers, and dismiss as moot their motion to dismiss the Hatches' appeal for failure to file a brief in compliance with the California Rules of Court.