**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN L. WISDOM, | No. 11-55258 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-00170-DSF-SS |
| v. | |
| DANIEL E. KATZ, an individual; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Allen L. Wisdom appeals pro se from the district court's judgment in his

diversity action dismissing with prejudice his claims against Shoshone Service

Corporation ("Shoshone"), Alec Harshey, Richard T. Gilbert, and the Estate of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kathryne Anne Gilbert, and granting Wisdom's motion for voluntary dismissal as to Daniel E. Katz and Reid & Hellyer ("the Katz defendants"). Construing the voluntary dismissal to be with prejudice, we have jurisdiction under 28 U.S.C. § 1291. *Concha v. London*, 62 F.3d 1493, 1506-09 (9th Cir. 1995). We review de novo a district court's dismissal for failure to state a claim, and may affirm on any ground supported by the record. *Serrano v. Francis*, 345 F.3d 1071, 1076-77 & n.5 (9th Cir. 2003). We affirm in part and dismiss in part.

The district court properly dismissed Wisdom's claim for breach of fiduciary duty against Shoshone because Wisdom failed to allege facts demonstrating that Shoshone owed and breached any fiduciary duty to him. *See Hatch v. Collins*, 275 Cal. Rptr. 476, 480 (Ct. App. 1990) (trustee under a deed of trust serves as an agent for both the trustor and the beneficiary and does not stand in a fiduciary relationship to either); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (claim must be "plausible on its face").

The district court properly dismissed Wisdom's claim for breach of contract against Shoshone because Wisdom failed to allege facts demonstrating that Shoshone entered into, and breached the terms of, a contract with him. *See Hatch*, 275 Cal. Rptr. at 480 (a complaint that does not identify how trustee became a party to the contract or what contract covenant was breached does not state a viable

2                                                                11-55258

claim for breach against trustee); *see also Twombly*, 550 U.S. at 570.

The district court properly dismissed Wisdom's claims that Shoshone conspired against him in violation of federal and state law because conclusory allegations of conspiracies are insufficient to support such claims. *See Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (42 U.S.C. § 1983 conspiracy); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (42 U.S.C. §§ 1985 and 1986 conspiracy); *Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 757-58 (Ct. App. 1995) (civil conspiracy under California law).

The district court properly dismissed Wisdom's fraud claims against Shoshone because Wisdom failed to make allegations with the specificity required by Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing Rule 9(b)'s specificity requirement); *see also Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996) (elements of fraud under California law).

Dismissal of Wisdom's claims against Shoshone alleging violations of the Unruh Civil Rights Act and the Americans with Disabilities Act ("ADA") was proper because Wisdom failed to allege facts demonstrating that Shoshone excluded him from participation in court proceedings in the Gilberts' state court action. *See Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th

Cir. 1997) (elements of claim under Title II of ADA); *see also* Cal. Civ. Code §§ 51, 52 (codifying Unruh Civil Rights Act).

The district court did not abuse its discretion in denying Wisdom's motion for a default judgment against the Katz defendants. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (reviewing for an abuse of discretion and noting that default judgments are ordinarily disfavored).

Contrary to Wisdom's contentions, the district court did not abuse its discretion in its application of its local rules to Wisdom's motion to compel the Katz defendants to produce discovery. *See Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (standard of review).

Wisdom's contentions concerning the district court's rulings on defendants' motions to dismiss his prior versions of the complaint, his motion under Fed. R. Civ. P. 7.1, the district court's consideration of judicial rulings in the Gilberts' state court action, and the applicability of *Twombly* to his action, are unpersuasive.

We dismiss as moot Wisdom's appeal as to defendants Alec Harshey and the Gilberts, in light of a bankruptcy court order approving a compromise and settlement as to these defendants in Wisdom's separate bankruptcy proceedings. *See Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) (parties' settlement of claims pending appeal of the judgment renders appeal moot).

11-55258

Wisdom's motion to file a supplemental reply brief, filed on January 17, 2012, is granted.

**AFFIRMED in part and DISMISSED in part.**