**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORGAN CHIKOSI, | No. 13-56031 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00964-JGB-DTB |
| v. | |
| MICHAEL T. GALLAGHER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Morgan Chikosi appeals pro se from the district court's judgment in his

action alleging federal and state law claims arising out of Chikosi's purchase of

property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1060 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2011) (summary judgment); *Cholla v. Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal on basis of statute of limitations). We affirm.

The district court properly granted summary judgment for Gallagher on Chikosi's claim relating to the "incomplete purchase agreement" because Chikosi failed to raise a genuine dispute of material fact as to whether Gallagher was a party to the purchase agreement between the Chikosis and Gallagher Management Company ("GMC"), as Gallagher signed the agreement as president of GMC. *See Firestone v. Wahl*, 284 P.2d 499, 501 (Cal. Ct. App. 1955) (explaining when agent will be held liable for signing an agreement).

The district court properly granted summary judgment for Gallagher on Chikosi's breach of oral contract claim because Chikosi failed to raise a genuine dispute of material fact as to whether Gallagher agreed to give Chikosi a car in connection with closing escrow. *See Stockton Mortg. Inc. v. Tope*, 183 Cal. Rptr. 3d 186, 200 (Ct. App. 2014) (setting forth elements of claim for breach of an oral contract); *see also Cafasso, U.S. ex rel.*, 637 F.3d at 1061 ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts . . .").

The district court properly dismissed Chikosi's claims based on fraud, forgery, and statutory violations against Wells Fargo Home Mortgage, Crooks, and Wansten (collectively, "Lenders") as barred by the statute of limitations because

Chikosi filed his action more than three years after the events giving rise to it. *See* Cal. Civ. Proc. Code § 338(a), (d) (prescribing a three year statute of limitations for actions asserting liability created by statute and for relief on the ground of fraud); *Hatch v. Collins*, 275 Cal. Rptr. 476, 479 (Ct. App. 1990) (explaining that "[t]he applicable statute of limitations is determined by the substance or gravamen of the action" and that § 338(d) applies "if fraud or mistake is the basis of the legal injury . . . regardless of whether the complaint . . . pleads a cause of action in tort or contract" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Chikosi's action against the Lenders after Chikosi failed to file a timely Second Amended Complaint regarding his claims that had been dismissed with leave to amend. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989-90 (9th Cir. 1999) (discussing factors for determining whether a district court abused its discretion in dismissing an action under Fed. R. Civ. P. 41(b) for failure to comply with a court order requiring submission of an amended pleading).

The district court did not abuse its discretion by denying Chikosi's motion for reconsideration regarding the Lenders' motion to dismiss because Chikosi failed to establish grounds for such relief. *See* C.D. Cal. R. 7-18 (setting forth grounds for reconsideration under local rules); *Hinton v. Pac. Enters.*, 5 F.3d 391,

3

395 (9th Cir. 1993) (setting forth standard of review for compliance with local rules).

The district court did not abuse its discretion in denying Chikosi's request to add GMC as a defendant after the scheduling order deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and explaining circumstances where a party may join additional defendants following a cut-off date).

We reject Chikosi's contentions concerning mediation and that the district court failed to address his a claim under California Civil Code § 1102.3, which Chikosi never brought against Gallagher.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Lenders' request for judicial notice, filed on April 17, 2014, and Chikosi's request for judicial notice, filed on May 5, 2014, are denied as unnecessary.

**AFFIRMED.**

4                                                                 13-56031