**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT E. JACOBSEN, et al., | No.    12-17026 |
| Plaintiffs-Appellants, | D.C. No. 3:12-cv-0135- RS |
| v. | |
| AURORA LOAN SERVICES, LLC, et al., | ORDER |
| | and |
| Defendants-Appellees. | MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted August 12, 2016
San Francisco, California

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,** District Judge.

Plaintiffs Michael T. O'Brien ("O'Brien") and Robert E. Jacobsen ("Jacobsen")

appeal from: (1) the district court's grant of summary judgment in favor of Defendant

Aurora Loan Services, LLC ("Aurora"); (2) the district court's grant of Defendant

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

Cal-Western Reconveyance Corporation's ("Cal-Western") motion to dismiss; and (3) the district court's denial of Plaintiffs' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part and remand.

*Quiet title.* We affirm the district court's grant of summary judgment in favor of Aurora on the quiet title claim. In California, plaintiffs have standing to assert quiet title only if they currently possess an interest in the property at issue. *Gerhard v. Stephens*, 442 P.2d 692, 732 (Cal. 1968); 74 C.J.S. *Quieting Title* § 68 (2016). Here, however, neither plaintiff currently possesses an interest in the subject property. O'Brien transferred his purported interest to Jacobsen by grant deed in September 2011, and Jacobsen transferred his purported interest to third party Virgin Properties, LLC, by quiet claim deed in April 2012. Plaintiffs therefore lack standing to pursue their quiet title claim on appeal.[1]

*Validity of the loan documents.* We affirm the district court's ruling that the note and deed of trust were not void *ab initio*. In California, "[i]t is essential to the validity of a contract, not only that the parties should exist, but that it should be

---

[1] The district court did not address standing. However, "[w]e may affirm on any ground supported by the record, even it if differs from the rationale used by the district court." *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc).

possible to identify them." Cal. Civ. Code § 1558. Contracts are void for uncertainty only if their terms are "so uncertain and indefinite that the intention of the parties . . . cannot be ascertained." *Cal. Lettuce Growers, Inc. v. Union Sugar Co.*, 289 P.2d 785, 790 (Cal. 1955); 14 Cal. Jur. 3d Contracts § 101 (2016). Here, Bush & Hewitt Holding, Inc. was properly doing business under the fictitious business name "Direct Funding,"[2] and the deed of trust and note expressly identified the lender as "Direct Funding" and "Direct Funding, a California corporation," respectively. The additional phrase "a California corporation" did not render the note sufficiently "uncertain and indefinite" as to void the loan documents. *Cal. Lettuce Growers*, 289 P.2d at 790. Further, the intervening default judgment entered by the Contra Costa County Superior Court does not render the note and deed of trust void *ab initio* under the last in time rule. The last in time rule does not apply when, as here, the plaintiff seeks to use *res judicata* to preclude direct review of a prior judgment. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1162 (9th Cir. 2005); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1136 (9th Cir. 2001).

*Common count and cancellation of instruments.* We affirm the district court's grant of summary judgment in favor of Aurora on the claims for common count and cancellation of instruments. Plaintiffs' claims for common count and cancellation of

---

[2] We GRANT both parties' requests for judicial notice.

3

instruments both rest solely on their contention that the note and deed of trust were void *ab initio*.[3] However, as discussed above, the district court correctly held that the note and deed of trust were not void *ab initio*.

*Wrongful foreclosure.* We reverse the district court's grant of summary judgment in favor of Aurora on the wrongful foreclosure claim. In California, the elements of a wrongful foreclosure action are (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. *Sciarratta v. U.S. Bank Nat'l Ass'n*, 202 Cal. Rptr. 3d 219, 226 (Ct. App. 2016). The district court erred by granting summary judgment on the ground that it found nothing wrong with the foreclosure sale.

First, the district court failed to review the record in the light most favorable to the non-movants when the district court assumed that the form of Aurora's bid at the

---

[3] In their reply, Plaintiffs suggest that their cancellation of instruments claim survives their contention that the note and deed of trust were void *ab initio*. Because this argument was first raised in the reply brief, we deem it waived. Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

foreclosure sale was a cash bid. On appeal, the parties now agree that the form of the bid was a credit bid.

Second, a genuine dispute of material fact remains regarding whether Aurora properly made a credit bid. California law permits "present beneficiary of the deed of trust" to credit bid at the foreclosure sale. Cal. Civ. Code § 2924h(b). However, it is not uncontroverted that Aurora was the present beneficiary of the deed of trust. A deed of trust is "inseparable from the note it secures." *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 865, 850 (Cal. 2016); *see also Domarad v. Fisher & Burke, Inc.*, 76 Cal. Rptr. 529, 536 (Ct. App. 1969) ("[A] deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt, and an attempt to assign the deed of trust without a transfer of the debt is without effect."). The record contains evidence that Aurora did not "own" O'Brien's loan before the foreclosure. ER 19–20, 136–38, 181. However, the record also contains evidence that Aurora is "currently in possession" of the original promissory note, which was endorsed in blank, although it is not clear from Aurora's declaration when Aurora

5

became the holder of the note.[4] [ER 179-80; 185-195]. It appears that there remains a question of fact whether Aurora was the "beneficiary" of the deed of trust at the time of the foreclosure and thus whether it was entitled to make a credit bid at the foreclosure sale, and we remand for the district court to address this issue in the first instance.

Moreover, in order to prevail on their claim of wrongful foreclosure, Plaintiffs must also show that they suffered prejudice or harm as a result of irregularities or illegalities in the foreclosure sale. *Sciarratta*, 202 Cal. Rptr. 3d at 226. Because the district court granted summary judgment to Aurora on a different ground, the court did not address the element of prejudice or harm. In the circumstances, we also deem

---

[4] Note that in today's modern mortgage world, the "owner" of the underlying debt (that is, the entity who will receive the ultimate economic benefit of payments from the note, less a servicing fee) and "holder" of the note (the party legally entitled to enforce the obligations of the note) are not always one and the same. *See, e.g., Brown v. Wash. State Dep't of Commerce*, 359 P.3d 771, 776-77 (Wash. 2015) (discussing modern mortgage practices and the secondary market for mortgage notes; "Freddie Mac *owns* [borrower's] note. At the same time, a servicer . . . *holds the note and is entitled to enforce it*.")(emphasis added). It thus appears possible that the "beneficiary" under the deed of trust would follow with the note (and with the entity "currently entitled to enforce [the] debt"), rather than the income stream. *See Yvanova*, 365 P.3d at 850-51; *see also Hernandez v. PNMAC Mortg. Opp. Fund Investors, LLC*, 2016 WL 3597468, *6 (Cal. Ct. App. June 27, 2016) (unpublished) (if the foreclosing party "could properly and conclusively establish . . .that it did hold the Note at the [time of foreclosure], that would be dispositive and preclude a wrongful foreclosure cause of action because a deed of trust automatically transfers with the Note it secures—even without a separate assignment.")(citing *Yvanova*).

it prudent to remand this claim to the district court to consider the prejudice question in the first instance. We therefore reverse the district court's grant of summary judgment on the wrongful foreclosure claim and remand for further proceedings.[5]

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

The parties shall bear their own costs on appeal.

---

[5] We also reverse the district court's grant of Cal-Western's motion to dismiss the wrongful foreclosure claim. The trustee must conduct the foreclosure sale "fairly, openly, reasonably, and with due diligence" "to protect the rights of the mortgagor and others." *Hatch v. Collins*, 275 Cal. Rptr. 476, 480 (Ct. App. 1990). Here, the complaint alleges that Cal-Western's acceptance of a void credit bid was unlawful. If the credit bid was void and the acceptance of the credit bid was unlawful, Cal-Western failed to conduct the foreclosure sale with due diligence, and thus the complaint states a claim against Cal-Western.