[No. A050085. First Dist., Div. Three. July 23, 1991.]

GEORGE A. KAROUTAS et al., Plaintiffs and Appellants, v.
HOMEFED BANK, Defendant and Respondent.

COUNSEL

Stuart A. Safine and Eileen Ring for Plaintiffs and Appellants.

Tobin & Tobin, Paul E. Gaspari and Patricia H. Lyon for Defendant and Respondent.

**OPINION**

**CHIN, J.**—This appeal involves the right to sell property under a deed of trust after the borrower's default. We must determine whether a beneficiary with actual knowledge of facts materially affecting the value of property has a duty to disclose those facts to prospective bidders at a trustee's sale. George A. and Anastasios A. Karoutas (the Karoutases) were successful bidders at a trustee's foreclosure sale. They later filed a complaint seeking rescission or damages in connection with their purchase. The trial court sustained, without leave to amend, the general demurrer of HomeFed Bank (HomeFed) to the Karoutases' complaint. On appeal, the Karoutases argue that the complaint stated facts sufficient to constitute a cause of action in alleging that HomeFed failed to comply with its duty to disclose to the Karoutases information within its possession that materially affected the value of the property. We agree. Therefore, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

HomeFed was the successor in interest to Columbus Savings and Cal America Savings and Loan Association (Cal America). ▮▮▮ It was

the beneficiary under a deed of trust on real property, including a residence, owned by Michael and Sandra Lawrence.[1] The deed of trust secured a $100,000 loan to the Lawrences. The Lawrences defaulted. Pursuant to the power of sale in the deed of trust, Cal America declared a default and instructed the trustee to record a notice of default and election to sell.

On December 5, 1989, the trustee recorded a notice of trustee's sale. On January 3, 1990, the Karoutases opened the bidding at $130,000, the minimum opening bid the trustee set and the amount of the unpaid balance on the Lawrences' obligation, plus fees and costs. HomeFed, through the trustee, raised the bid by $5,000. The Karoutases then bid $1 more. The parties repeated this pattern three times. The Karoutases were the high bidders at $155,001. They paid HomeFed, through the trustee, a total of $173,000.

After the sale, the Karoutases discovered that soil conditions and other defects in the residence would cost in excess of $250,000 to repair.[2] Before the sale, the Karoutases did not and could not inspect the property or residence. The Karoutases allege that the Lawrences disclosed these defects to HomeFed before the sale. HomeFed also obtained reports that repairs would cost in excess of $350,000 and would not be economically feasible. The reports recommended that the residence be demolished. The Karoutases demanded rescission. HomeFed refused.

On January 24, 1990, the Karoutases filed a complaint for rescission, declaratory relief, fraud, and negligent nondisclosure. HomeFed demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action because the absence of a disclosure duty defeated all four claims. After hearing, the trial court sustained the demurrer without leave to amend and dismissed the action.

## DISCUSSION

On appeal after the sustaining of a general demurrer without leave to amend, "[o]ur primary task is to determine whether the facts alleged provide

---

[1] We take the facts from the allegations of the Karoutases' complaint, which we regard as true on an appeal from an order sustaining a demurrer. (*Guild Mortgage Co.* v. *Heller* (1987) 193 Cal.App.3d 1505, 1508 [239 Cal.Rptr. 59].)

[2] The complaint alleges the date of discovery as January 4, 1989, almost one year before the purchase on January 3, 1990. In their briefs on appeal, the Karoutases and HomeFed argue based on a postpurchase date of discovery, apparently treating the reference to 1989 as simply a typographical error. At oral argument, the parties stipulated that the Karoutases intended to allege January 4, 1990, as the discovery date. Accordingly, we take January 4, 1990, as the alleged date of discovery.

the basis for a cause of action against defendants under any theory. [Citations.]" (*Guild Mortgage Co.* v. *Heller, supra,* 193 Cal.App.3d at p. 1508.) In making this determination, we liberally construe the allegations of the complaint "with a view to attaining substantial justice among the parties. [Citations.]" (*Ibid.*) We must uphold the complaint "as against a general demurrer if its allegations suggest any possible viable cause of action." (*Spindle* v. *Chubb/Pacific Indemnity Group* (1979) 89 Cal.App.3d 706, 711 [152 Cal.Rptr. 776].)

■ The principal issue on appeal is whether HomeFed, given its alleged knowledge of defects in the property and residence, had a duty to disclose the defects to the Karoutases.[3] ■ In the absence of a fiduciary or confidential relationship, a duty to disclose arises at common law if material facts are known only to the defendant and the defendant knows that the plaintiff does not know or cannot reasonably discover the undisclosed facts. (*Buist* v. *C. Dudley DeVelbiss Corp.* (1960) 182 Cal.App.2d 325, 331, 332 [6 Cal.Rptr. 259].) Undisclosed facts are material if they have a significant and measurable effect on market value. (*Reed* v. *King* (1983) 145 Cal.App.3d 261, 267 [193 Cal.Rptr. 130].) A breach of the duty to disclose gives rise to a cause of action for rescission or damages. (*Rothstein* v. *Janss Investment Corp.* (1941) 45 Cal.App.2d 64, 69 [113 P.2d 465].)

■ In their complaint, the Karoutases allege that (1) the property they purchased has been and is subject to substantial, permanent, and progressive soil movement; (2) this condition subjects the residence on the property to severe forces and stresses; (3) HomeFed knew, through the Lawrences and expert reports, of these conditions but suppressed and failed to disclose them; (4) the Karoutases, at the time they purchased the property, did not know of these conditions and would not have purchased the property had they known; and (5) the Karoutases could not and did not inspect the property prior to purchase. On similar facts, courts have found that there was a duty to disclose. (See *Barnhouse* v. *City of Pinole* (1982) 133 Cal.App.3d 171, 189-190 [183 Cal.Rptr. 881] [duty to disclose preexisting seeps, springs, and slides]; *Buist* v. *C. Dudley DeVelbiss Corp., supra,* 182 Cal.App.2d at pp. 329, 332 [finding duty where lot was in area of prior slide, house was constructed on fill without adequate compaction, seller's soil expert had instructed seller not to build on lot because it was unsuitable in light of the prior slide, and property was of nominal value].) Accordingly, the Karoutases have stated facts sufficient to raise in HomeFed a common law duty to disclose.[4]

---

[3]Thus, this appeal does not raise the issue of whether a beneficiary under a deed of trust has a duty to investigate for defects.

[4]There are other circumstances that may give rise under the common law to a duty to disclose, notwithstanding the absence of a confidential or fiduciary relationship. (See *Warner*

HomeFed does not contend that the Karoutases' allegations fail to establish a common law duty to disclose. Rather, it argues that the comprehensive nature of the nonjudicial foreclosure statutes (Civ. Code, § 2924 et seq.[5]), which do not contain a duty to disclose, precludes us from imposing such a duty on a beneficiary. It also argues that section 1102.1 expressly exempts beneficiaries from a disclosure duty.  ■■ ■ We disagree for four reasons.[6]

■ First, there is an inherent inconsistency in these arguments. HomeFed's reliance on section 1102.1, a provision from another chapter, belies its claim that the nonjudicial foreclosure statutes are so comprehensive and complete as to exclude the imposition of further duties. If HomeFed's argument that section 2924 et seq. is all-inclusive is correct, it was unnecessary for the Legislature to enact an express exclusion in another chapter.

Second, this District rejected an argument similar to HomeFed's in *Block v. Tobin* (1975) 45 Cal.App.3d 214 [119 Cal.Rptr. 288]. There, the court held that prospective bidders at a trustee's sale under a deed of trust could state a claim for deceit against the trustee and beneficiary. (*Id.*, at pp. 219-221.) It rejected defendants' argument "that the absence of references to the rights of bidders in . . . section 2924 et seq., suggests that a trustee owes no duty to prospective purchasers," stating: "It is true that . . . section 2924h defines only the obligations, not the rights, of bidders. *But the silence of the statute cannot be taken as taking away the rights which bidders would otherwise have to recover damages for deceit.* [Citation.]" (*Id.*, at p. 221, italics added.)

Ignoring *Block*, HomeFed argues that in *I. E. Associates* v. *Safeco Title Ins. Co.* (1985) 39 Cal.3d 281 [216 Cal.Rptr. 438, 702 P.2d 596] (hereafter *Safeco*), "[t]he California Supreme Court . . . specifically held that the statutory scheme regulating nonjudicial foreclosure of deeds of trust . . . supplanted the common law with respect to the rights and duties of the

*Constr. Corp.* v. *City of Los Angeles* (1970) 2 Cal.3d 285, 294 [85 Cal.Rptr. 444, 466 P.2d 996]; 1 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1989) § 1:119, pp. 404-405.) Because the Karoutases' allegations are sufficient under the theory discussed herein, we need not determine whether the Karoutases have pleaded facts that establish a duty under any other theory.

[5]All further statutory references are to the Civil Code.

[6]HomeFed also argues that the Karoutases are at fault for failing to investigate the soil conditions. However, "personal inspection is no defense when and where the conditions are not visible and are known only to the seller . . . ." (*Rothstein* v. *Janss Investment Corp.*, supra, 45 Cal.App.2d at p. 68.) Thus, in *Clauser* v. *Taylor* (1941) 44 Cal.App.2d 453, 454 [112 P.2d 661], the court found rescission proper where defendant failed to disclose the fact that the lots had been filled, notwithstanding plaintiff's lack of inquiry.

parties to a deed of trust." HomeFed's contention overstates *Safeco*'s holding. In *Safeco*, the Supreme Court held that, in light of the detailed statutory notice provisions governing nonjudicial foreclosures, a trustee has no additional common law duty to make reasonable efforts to provide a defaulting trustor with actual notice of sale. (*Id.*, at p. 283.) It expressly limited its holding to notice considerations, stating that "[t]his case deals *only* with the question of notice that must be given before a foreclosure sale." (*Id.*, at p. 285, fn. 3, italics added.) This limitation is consistent with the basis for the court's decision—the absence of a single case "holding that a trustee of a deed of trust has any additional common law duties *with respect to notice* . . . ." (*Id.*, at pp. 287-288, italics added.) The court further stated that "[n]othing in this opinion is designed to affect the duties imposed on the trustee concerning the conduct of the sale by such authorities as . . . *Block v. Tobin* . . . ." (*Safeco, supra*, at p. 285, fn. 3.) Thus, *Safeco* does not require us to depart from *Block*.

In limiting its *Safeco* holding, the Supreme Court expressly preserved a long line of cases imposing duties on a trustee in addition to those statutorily established. *Safeco* also cites *Baron* v. *Colonial Mortgage Service Co.* (1980) 111 Cal.App.3d 316 [168 Cal.Rptr. 450]. (*Safeco, supra*, 39 Cal.3d at p. 285, fn. 3.) In *Baron*, this District imposed on the trustee a "duty to exercise reasonable discretion in qualifying bidders," and held that a breach of that duty may warrant rescission. (*Baron, supra*, 111 Cal.App.3d at p. 324.) It premised this holding in part on the fact that courts have imposed on trustees a duty to conduct sales " '. . . fairly, openly, reasonably, and with due diligence and sound discretion to protect the rights of the mortgagor and others, using all reasonable efforts to secure the best possible or reasonable price.' [Citation.] *That duty may thus fairly be said to extend to all participants in the sale, including prospective bidders.*" (*Id.*, at pp. 323-324, italics added.) Thus, *Safeco* expressly does *not* hold that the nonjudicial foreclosure statutes eliminate common law duties owed to prospective bidders over and above those the statutes provide.[7]

Third, we reject HomeFed's contention that section 1102.1 expressly excludes the imposition of a disclosure duty on the beneficiary. Article 1.5 of

---

[7]In *Sumitomo Bank* v. *Taurus Developers, Inc.* (1986) 185 Cal.App.3d 211, 221 [229 Cal.Rptr. 719], the court refused to impose on the *trustor* a duty to disclose known defects in the property being sold at a trustee's sale. It relied, not on the comprehensive nature of the nonjudicial foreclosure statutes or section 1102.1, but on the unique role of the defaulting trustor, who "was not setting the price at the sale, and in general was not representing the value of the property at the sale." (*Ibid.*) Accordingly, the court concluded, the trustor could not be fairly characterized as a " 'seller' " subject to the traditional duties imposed on sellers. (*Ibid.*) By contrast, "[i]t was the beneficiary . . . and the trustee who controlled the sale. [Citations.]" (*Ibid.*) This distinction justifies imposition on the beneficiary of a duty to disclose under appropriate circumstances.

the Civil Code, which includes section 1102.1, sets forth disclosures that must be made in the transfer of residential property. Section 1102.1, subdivision (c), does nothing more than exclude transfers by a sale under a power of sale after default in an obligation secured by a deed of trust from "[t]he provisions of [article 1.5] . . . ." In so doing, it does not purport to eliminate any duties imposed in connection with transfers article 1.5 does not cover.[8] Moreover, section 1102.8 declares that "[t]he specification of items for disclosure in this article does not limit or abridge any obligation for disclosure created by any other provision of law or which may exist in order to avoid fraud, misrepresentation, or deceit in the transfer transaction." Given this express limitation, we cannot ascribe to section 1102.1 the wide-ranging effect which HomeFed urges us to adopt. Neither the nonjudicial foreclosure statutes nor section 1102.1 prevents us from finding a duty to disclose.[9]

Finally, we reject HomeFed's contention that the imposition of a duty to disclose under the facts of this case runs afoul of the public interest in speedy disposition of property under deeds of trust. There is also a public interest in the prevention of fraud.[10] ■ Moreover, the doctrine of caveat emptor does not apply to nonjudicial foreclosure sales. (*Mitchell* v. *California-Pacific T. Ins. Co.* (1926) 79 Cal.App. 45, 50-51 [248 P. 1035].) Thus, "[i]t is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or

---

[8]Indeed, courts have held that article 1.5 does not even set forth all duties incident to sales that come within its scope. In *Nussbaum* v. *Weeks* (1989) 214 Cal.App.3d 1589, 1600 [263 Cal.Rptr. 360], the court held that a *buyer* has a common law duty to disclose material facts in certain limited situations, noting that a seller's duty of disclosure is greater than a buyer's because it "is now codified in statutes applicable only to seller ( . . . § 1102 et seq.) . . . ." That the statutes impose a duty *only* on sellers did not prevent the court from finding that a buyer also has a disclosure duty.

[9]In their treatise on California real estate law, Miller and Starr reach a similar conclusion regarding the existence of a common law duty to disclose. Citing section 1102.8, they state that compliance with statutory disclosure requirements "does not relieve the parties of the general common law duty of disclosure." (1 Miller & Starr, Current Law of Cal. Real Estate, *supra*, § 1:123, at p. 421, fn. omitted.) Thus, "where the beneficiary knows of serious defects in the property being sold, . . . there should be some responsibility to disclose the defects to an innocent buyer." (4 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1989) § 9:153, p. 504.)

Similarly, American Jurisprudence states: "At a sale by a trustee under a power, where the facts or means of information concerning the condition and value of the property sold are equally accessible to both parties, and nothing is said or done which tends to impose on the other, or to mislead him, there is no fraud of which the law can take notice; nevertheless, where material facts are accessible to the vendor only, and he knows them not to be within the diligent attention, observation, and judgment of the other party, he is bound to disclose those facts and make them known to the purchaser." (55 Am.Jur.2d, Mortgages, § 859, p. 750.)

[10]Under California law, breach of the duty to disclose constitutes actionable deceit. (§ 1710, subd. 3.)

where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." (*Bank of America etc. Assn.* v. *Reidy* (1940) 15 Cal.2d 243, 248 [101 P.2d 77].) ▮ We cannot believe that the Legislature, in enacting section 2924 et seq., intended to immunize beneficiaries from liability for deceit, or to expand the risks borne by purchasers to include the assumption of damages resulting from a beneficiary's fraud.[11] (See *Lassar & Gross International, Inc.* v. *Dunham* (1987) 196 Cal.App.3d 496, 501-502 [241 Cal.Rptr. 854] [refusing to allow antideficiency statutes to become a shield to fraudulent schemes]; *Guild Mortgage Co.* v. *Heller, supra,* 193 Cal.App.3d at p. 1512.)

In sum, we find that neither the statutes nor public policy prohibits us from finding that a beneficiary under a deed of trust selling property pursuant to a power of sale may owe a common law duty to prospective bidders to disclose known facts materially affecting the value of the property. Because the Karoutases' complaint alleges facts sufficient to raise such a duty in HomeFed, the trial court erred in sustaining HomeFed's general demurrer.

The judgment is reversed. HomeFed shall pay the Karoutases' costs on appeal.

Merrill, Acting P. J., and Strankman, J., concurred.

A petition for a rehearing was denied August 15, 1991, and respondent's petition for review by the Supreme Court was denied October 3, 1991. Panelli, J, was of the opinion that the petition should be granted.

---

[11]There is a conflict of authority as to whether a purchaser at a government tax sale can rescind where the state fails to disclose facts regarding the property. (See *Craland, Inc.* v. *State of California* (1989) 214 Cal.App.3d 1400 [263 Cal.Rptr. 255]; *Schultz* v. *County of Contra Costa* (1984) 157 Cal.App.3d 242 [203 Cal.Rptr. 760].) We need not resolve this conflict, for these decisions are inapposite. Unlike a nonjudicial foreclosure sale, a tax sale is governed by the doctrine of caveat emptor. (*Craland, supra,* at p. 1406.) Moreover, a tax sale is wholly a creature of *statute,* and at issue in *Craland* and *Schultz* was whether the tax sale statutes therefore provided exclusive *remedies* for purchasers. (*Craland, supra,* at pp. 1407-1408; *Schultz, supra,* at pp. 245, 247.) By contrast, "the power of sale . . . in nonjudicial foreclosure is created by contract, not by statute." (*Garfinkle* v. *Superior Court* (1978) 21 Cal.3d 268, 281 [146 Cal.Rptr. 208, 578 P.2d 925].) Thus, section 2924 et seq. "does not purport to provide a remedy, but to prescribe a certain limitation for the exercise of the contractual remedy." (*R. G. Hamilton Corp., Ltd.,* v. *Corum* (1933) 218 Cal. 92, 95 [21 P.2d 413].)