GCN PRODUCTS, INC., a Florida Corporation, successor in interest to International Product Source Inc., Gold Coast Health Ltd., a Florida Limited Liability Partnership, Plaintiff-counter-defendant—Appellant,

v.

James O'YOUNG; Uncle Lees Tea Inc.; Kan Pak Corporation; Jay Kaufman;, Defendants—Appellees,

Roy L. Kelly, dba Amalgamated Packaging Systems; Amalgamated Packaging Services, Inc.; Holly A. Kelley, dba Strategic Food Systems; Pacific Rim Foods, Inc.; Product Research International Inc.; Donald Van Winkle; Colene C. Van Winkle, dba Van Winkle Associates; Harv Andres; Suzanne G. Balog, dba Zanadu; Daniel J. Fitzgerald, dba D J Fitzgerald & Associates; James Wilson; Roy L. Kelley; Thomas Justin;, Defendants-cross-defendants—Appellees,

GUM Technical International, Inc.; John Epert; Richard Radcliff; Gary Kehoe;, Defendants-counter-claimants—Appellees,

Thomas A. Rider; Clinton Rider; George Rider; Robert Rider, dba H.A. Rider & Sons; Loren Morr, dba Beta Pure Foods, Defendants-cross-claimants—Appellees.

No. 00–55944.

D.C. No. CV–95–08784–NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Nov. 14, 2001.

Before BROWNING, FERNANDEZ
and FISHER, Circuit Judges.

MEMORANDUM *

The district court properly granted summary judgment.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

## I. Fraud

The misrepresentation required for fraud may be a "false representation, concealment, or non-disclosure." *Bank of the West v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir.1994).

■ The supplier defendants did not make any actionable affirmative misrepresentations. The invoices in question did not affirmatively state that they did not include commission fees or that the amount charged represented only the supplier's costs plus profit. In an arm's length transaction, failure to disclose all components of a final price quote cannot be characterized as an intentional misrepresentation.

■ The defendants are not liable for fraudulent concealment. Assuming defendants actively concealed or suppressed a material fact, GCN must establish some duty to disclose. The defendants did not owe a fiduciary duty to GCN and did not knowingly aid Kelly in violating his duty to GCN. *See In re Mediscan Research, Ltd.*, 940 F.2d 558, 563 (9th Cir.1991).

■ Defendants also are not liable for nondisclosure. While a duty to disclose can arise absent a fiduciary or confidential relationship, *Karoutas v. Homefed Bank*, 232 Cal.App.3d 767, 771, 283 Cal.Rptr. 809 (1991), it generally arises when the sale of real property is at stake. *See Nussbaum v. Weeks*, 214 Cal.App.3d 1589, 1599, 263 Cal.Rptr. 360 (1989). Although the California Supreme Court has considered nondisclosure in other contexts, *Goodman v. Kennedy*, 18 Cal.3d 335, 347, 134 Cal.Rptr. 375, 556 P.2d 737 (1976), it declined to impose liability on an attorney where plaintiffs failed to show that he knew of the "materiality of the omitted matters or

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that they were inaccessible to plaintiffs." Similarly, here the evidence did not show that defendants knew Kelly was GCN's agent or that defendants were aware that GCN did not know of the commissions being paid.

Parties engaged in an arm's length business transaction do not have a duty to disclose absent a "fiduciary or other similar relationship of trust and confidence." *Reyes v. Atlantic Richfield Co.,* 12 F.3d 1464, 1472 (9th Cir.1993). There was no fiduciary or similar relationship between the conspirator defendants and GCN that would have required them to disclose their commissions. The supplier defendants engaged in arm's length transactions wherein they shipped products to GCN and got paid by GCN. However, they negotiated with Kelly and followed his directions. The evidence did not show that they knew Kelly was GCN's agent or that they knew of his agreement with GCN.

## II. Conspiracy

■ Summary judgment on GCN's conspiracy claim also was proper. The district court held that the defendants were not liable for conspiracy because they had no culpability for the underlying torts of larceny and embezzlement. GCN did not specifically challenge this finding on appeal. However, GCN did state that the defendants incurred conspiracy liability for "knowingly aiding and abetting [Kelly's] fraud."

According to California law, even where they do not themselves commit the underlying tort, defendants can be culpable for conspiracy where they "share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510–11, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). California courts also have found liability where defendants

knowingly aided a fiduciary in defrauding its principle. *J.C. Peacock v. Hasko,* 196 Cal.App.2d 363, 370–71, 16 Cal.Rptr. 525 (1961).

Here, GCN failed to show that the defendants knowingly engaged with Kelly in a common plan to commit larceny, embezzlement and fraud. Furthermore, GCN failed to demonstrate that defendants knew Kelly was a fiduciary of GCN and therefore did not show that they knowingly aided a fiduciary in violating his duties.

## III. Unjust Enrichment

■ Summary judgment was proper as to GCN's unjust enrichment as well. GCN failed to establish fraud or conspiracy. Even assuming that unjust enrichment is an independent cause of action not dependent on fraud or conspiracy liability, the evidence did not support a theory of unjust enrichment here. Some of the supplier defendants did not make a profit on this transaction. Furthermore, to the extent that they charged higher prices to GCN, the difference was passed on to Kelly in the form of commissions. As to those who did obtain a benefit, it was not unjust for them to retain it. *See Dinosaur Development, Inc. v. White,* 216 Cal.App.3d 1310, 1315–16, 265 Cal.Rptr. 525 (1989) ("the 'mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.'") (citation omitted). Making a profit is not unlawful.

AFFIRMED