Opinion by Judge IKUTA; Dissent by Judge KOZINSKI.
OPINION
IKUTA, Circuit Judge:
DM Residential Fund II, LLC, (DM) appeals the district court’s grant of summary judgment in favor of First Tennessee Bank National Association (FTB). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
FTB initiated a nonjudicial foreclosure on residential real property and sold the property at a foreclosure sale to DM. The property lacked a utilities easement needed to provide electrical service to the new home that had been constructed on the property and also lacked a certificate of occupancy. DM discovered the utilities easement issue shortly after buying the property and brought this diversity action two years later, seeking to rescind the transaction on the basis of FTB’s failure to disclose the defect.
A jury could have reasonably concluded that DM could not have discovered the utility easement issue prior to the foreclosure sale based on evidence in the record that: (1) DM’s pre-foreclosure due diligence exceeded industry standards; and (2) it was reasonable for DM not to seek the certificate of occupancy for this property because construction of the residence appeared to be completed in 2007 and the City of Whittier did not require certificates of occupancy for residences built before 2010. Therefore, there was a genuine issue of material fact as to whether DM could have discovered the defect prior to the foreclosure sale, which is the relevant inquiry under Karoutas v. HomeFed Bank, 232 Cal.App.3d 767, 771, 283 Cal.Rptr. 809 (1991).
Nevertheless, the district court did not err in concluding on summary judgment that DM is not entitled to the equitable remedy of rescission. A party seeking rescission must do so “promptly upon discovering the facts which entitle him to rescind.” Cal. Civ.Code § 1691.[1] It is undisputed that DM paid over $624,000 for a residence and shortly thereafter discovered that it did not have electricity and could not obtain it (absent the purchase of an additional easement). Under these circumstances, a reasonable person would be put on inquiry as to whether there had been some wrongdoing in the sale of the residence, at which point a duty to investigate the wrongdoing arises. See Bancroft v. Woodward, 183 Cal. 99, 108, 190 P. 445 (1920); see also Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1112, 245 Cal.Rptr. 658, 751 P.2d 923 (1988) (granting summary judgment). FTB’s status as a foreclosing lender does not alter this conclusion, because a foreclosing lender has the same duties of disclosure regarding the property as any other seller. See Karoutas, 232 Cal. App.3d at 771, 283 Cal.Rptr. 809. There is thus no genuine issue of material fact that DM was put on inquiry of wrongdoing at the time it discovered the lack of electricity, and therefore is deemed to know all facts that could be discovered from a rea *878 sonable investigation. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 808-09, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005). FTB presented evidence that when DM contacted Cynthia Huerta, she informed DM that FTB knew of the material defect at the time of the foreclosure sale. As DM presented no evidence that would allow a trier of fact to conclude that it would not have been able to discover the facts supporting its right to rescind at the time it discovered the defect in the residence, there is no question of material fact on this issue. Id.
Instead of investigating and pursuing its claims, DM took actions inconsistent with unwinding the contract, including encumbering the property, budding improvements, and attempting to sell it. By taking those actions and waiting two years before suing FTB, DM affirmed the transaction, and its “right to rescind it is gone.” Bancroft, 183 Cal. at 111, 190 P. 445; see also Neet v. Holmes, 25 Cal.2d 447, 458, 154 P.2d 854 (1944). Because there is no genuine issue of material fact as to whether DM’s two-year delay deprived it of the equitable remedy of rescission, FTB is entitled to summary judgment on that issue.[2]
AFFIRMED.

. Contrary to the dissent’s argument, Dis. op. at 878-79, the phrase "promptly upon discovering the facts which entitled him to rescind” ta section 1691 of the California Civil Code remained unchanged when the statute was amended in 1961.

. DM does not pursue its theories for recovery of damages on appeal, and so we do not address them here.