**FILED**

AUG 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE NAVARRO,

           Plaintiff - Appellant,

  v.

EXXON MOBIL CORPORATION, a New Jersey corporation; et al.,

           Defendants - Appellees.

No. 23-3274

D.C. No.
2:17-cv-02477-DSF-SK
Central District of California,
Los Angeles

ORDER

Before: BOGGS, FRIEDLAND, and BRESS, Circuit Judges.[*]

The Memorandum Disposition filed on April 14, 2025, is amended and the amended Memorandum Disposition is filed concurrently with this order. With this order, the panel unanimously votes to deny the petition for panel rehearing.

The petition for rehearing is **DENIED**. No further petitions may be filed.

---

     [*]    The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE NAVARRO,

        Plaintiff - Appellant,

 v.

EXXON MOBIL CORPORATION, a New
Jersey corporation, et al.,

        Defendants - Appellees.

No. 23-3274

D.C. No.
2:17-cv-02477-DSF-SK

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 24, 2025
Pasadena, California

Filed April 14, 2025
Amended August 5, 2025

Before: BOGGS, FRIEDLAND, and BRESS, Circuit Judges.[**]

Plaintiff Jose Navarro appeals the district court's dismissal on the pleadings

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of his trespass claim, grant of summary judgment to Defendants on his nuisance claims, decertification of the Ground and Air Subclasses, and denial of the motion to substitute Navarro as class representative.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse the district court's dismissal on the pleadings of Navarro's individual trespass claim and vacate its decertification of the Ground Subclass and denial of the motion to substitute Navarro as class representative for the Ground Subclass, and we remand for further proceedings consistent with this decision.  We affirm the district court's grant of summary judgment as to Navarro's individual nuisance claims and do not reach Navarro's appeal of the decertification of the Air Subclass.

1. "We review de novo the district court's dismissal of plaintiff's complaint for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021) (quoting *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002)). Navarro's trespass claim, as alleged in the operative Corrected Third Amended Complaint, Dist. Ct. Dkt. 260, was based on groundwater and soil contamination as well as resulting soil vapor, and Navarro did not narrow the claim to be based solely on soil vapor.  The reply in support of the motion to appoint Navarro as class representative, Dist. Ct. Dkt. 266, which stated that "[t]he trespass claim . . . is premised on evidence that subsurface contamination from the Refinery poses a

vapor intrusion risk to the structures in the class area," is consistent with the theory advanced in the operative complaint that groundwater or soil contamination constitutes a trespass and the soil vapors are part of the alleged harm resulting from that trespass. That reply further stated that the trespass claim was "unchanged" from prior complaints, which had set forth a broader theory of trespass than just soil-vapor intrusion. Similarly, although Navarro's opposition to Defendants' motion for judgment on the pleadings, Dist. Ct. Dkt. 297, argued that soil vapor alone could support a trespass claim, it did not waive a trespass theory based also on soil and groundwater contamination.

Under California law, soil and groundwater contamination such as Navarro alleges here can support a claim for trespass. *See*, *e.g.*, *Newhall Land & Farming Co. v. Super. Ct.*, 23 Cal. Rptr. 2d 377, 383-84 (Cal. Ct. App. 1993) (holding that plaintiffs could state a trespass claim based on allegations of soil and groundwater contamination from petroleum products); *KFC W., Inc. v. Meghrig*, 28 Cal. Rptr. 2d 676, 685-86 (Cal. Ct. App. 1994) (same). The district court's dismissal on the pleadings of Navarro's individual trespass claim was based on an overly narrow interpretation of Navarro's trespass allegations and is therefore reversed.

2. We review the district court's class decertification order and denial of the motion to substitute Navarro as class representative for abuse of discretion. *See Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020). The district court

3                                                                              23-3274

abused its discretion in reaching its conclusions that Navarro and his counsel would not fairly and adequately protect the interests of the class as required under Federal Rule of Civil Procedure 23(a)(4) and that Navarro's trespass claim was not typical of the class as required under Federal Rule of Civil Procedure 23(b)(3).

As to Navarro's adequacy to serve as class representative, Navarro's testimony indicated that he was legitimately concerned about the alleged contamination and that he was reasonably involved in and informed about the litigation. The district court did not consider Navarro's testimony that he was concerned about health impacts from petroleum in the ground at his property or that he regularly met with counsel and was aware of relevant litigation documents. And, in concluding that counsel was inadequate, the district court did not consider the large volume of competent work completed by counsel over years of litigation. *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1008 (9th Cir. 2018) (holding that district court abused its discretion in finding that class counsel was inadequate after discussing only counsel's errors and not the record evidence demonstrating counsel's competent work).

As to the typicality of Navarro's trespass claim, the district court erred by relying on its determination that Navarro would not consider a remedy that involved selling his home. Although the record indicates that Navarro had not previously considered selling his home, it does not show that Navarro would be

4

unwilling to accept relocation as a remedy. And, in any event, there is no indication in the record that any class members sought relocation as a possible remedy. *See Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003) ("[T]his circuit does not favor denial of class certification on the basis of speculative conflicts.").

The district court's remaining reasons for denying the motion to substitute and decertifying the Ground Subclass (including the court's other reasons for concluding that typicality was not satisfied and the court's conclusions regarding the commonality and Rule 23(b)(3) requirements) were predicated on the court's narrow construction of Navarro's and other class members' trespass claims. The denial of the motion to substitute Navarro as class representative and the decertification of the Ground Subclass are therefore vacated and remanded for reconsideration under the broader trespass theory that includes soil and groundwater contamination.

3. We review de novo the district court's decision to grant summary judgment. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We must determine, viewing the evidence in the light most favorable to the nonmoving party, "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005)).

Under California law, proving a nuisance claim requires showing, inter alia, that "the invasion of the plaintiff's interest in the use and enjoyment of the land [is] *substantial*, i.e., that it cause[s] the plaintiff to suffer substantial actual damage." *San Diego Gas & Elec. Co. v. Super. Ct.*, 13 Cal. 4th 893, 938 (1996) (internal quotation marks omitted). Here, Navarro did not create a triable issue regarding substantial harm because he did not explain why the evidence that he presented of health risks from air pollution—which showed risk at levels that trigger public-notice requirements but not mandatory regulatory action—constitutes substantial harm. The potentially stronger arguments that Navarro now raises on appeal about the risks from exposure to ground contamination were not adequately presented to the district court and thus did not create a triable issue.

Because Navarro's individual nuisance claims fail, he "cannot represent others who may have" such claims, and his "bid to serve as a class representative must fail." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). That principle "is dispositive of the appeal of the class certification," so we have no need to consider Navarro's appeal of the decertification of the Air Subclass. *Id.* at 1022-23.

**AFFIRMED** in part, **REVERSED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this decision.