Filed 12/19/25  Rancho Palos Verdes Estates v. Maxwell CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RANCHO PALOS VERDES ESTATES LLC,<br><br>       Plaintiff and Appellant,<br><br>       v.<br><br>REYNOLDS M. MAXWELL, as Trustee, etc.,<br><br>       Defendant and Respondent. | B340602<br><br>(Los Angeles County Super. Ct. No. 21STCV16157) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David K. Reinert, Judge.  Reversed with directions.

Law Office of Richard Jacobs and Richard Jacobs for Plaintiff and Appellant.

Bremer Whyte Brown & O'Meara, Michael D'Andrea; Greines, Martin, Stein & Richland, David E. Hackett and Hayley MacMillen for Defendant and Respondent.

_____

The parties own adjoining properties in Portuguese Bend, part of the Palos Verdes Peninsula that is slowly sliding toward the ocean. Owing to ongoing land movement, respondent's home of 50 years now partially sits on appellant's undeveloped land. Appellant filed suit for trespass, nuisance, and negligence. The trial court sustained demurrers to appellant's third amended pleading without leave to amend and dismissed the case.

On de novo review, we conclude that appellant has stated a cause of action for negligence. This case is governed by *Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 372 (*Sprecher*), which allows negligence actions against a property owner who fails to take reasonable affirmative steps to control landslide conditions on his parcel. Appellant's trespass and nuisance claims are similarly based on a negligence theory. At the pleading stage, we cannot say, as a matter of law, that it was impossible for respondent to take any steps to halt the movement of its home onto appellant's land. We reverse the judgment and remand for further proceedings.

## FACTS[1]

In 2020, appellant Rancho Palos Verdes Estates LLC bought land it hopes to develop in Portuguese Bend (the Rancho parcel). Maxwell family trust owns neighboring property; respondent Reynolds M. Maxwell is its trustee. The Maxwell home has gravitated onto the Rancho parcel. A map in the pleading shows half of respondent's house atop appellant's land.

---

[1] The facts are from the amended complaint and matters listed in the court's order granting judicial notice. (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751.)

The trial court took judicial notice that the Portuguese Bend landslide is common knowledge in Los Angeles and cannot reasonably be disputed. The slide dates to prehistoric times; its movement has been continuous since 1956, when it was reactivated by road construction. Studies have found the movement accelerates in periods of high rainfall, "causing fissures to open in the earth and homes to strain, buckle and drift, sometimes outright wandering onto adjacent properties." A remediation project is planned, but not fully funded. The parties do not dispute the existence or effect of the landslide.

Soon after appellant purchased the Rancho parcel, respondent's attorney wrote to say the Maxwell home is on appellant's lot; respondent offered to buy the Rancho parcel, terming it "unbuildable." Other options were "an action to establish a prescriptive easement or an easement by necessity," or a mutual agreement to a lot line adjustment. Appellant suggested that respondent make a claim on its insurance policy "to move or remove the house from our property." Respondent's attorney opined that an insurance claim "does not appear to be an option." Appellant announced, "We are not interested in selling the property" and proposed a license agreement for respondent's use of the Rancho parcel. Respondent declined to enter a license agreement. Appellant then filed this lawsuit.

Appellant alleges that the City of Rancho Palos Verdes (City) has allowed residents to move improvements back to their original location and stabilize their properties. Respondent did not apply for a permit to stabilize its property or move the house back to its parcel. It may be difficult for appellant to develop the Rancho parcel, and the encroachment will continue unless somehow abated. Respondent's tenants trespass when they use

the portion of the home that is on the Rancho parcel.[2] Appellant fears it could be sued if respondent's invitees are injured on the Rancho parcel, or that it could be deemed a landlord.

## PROCEDURAL HISTORY

Appellant filed suit in 2021, asserting causes of action for trespass, nuisance, negligence, indemnification, and apportionment of rental income. The court sustained respondent's demurrers with leave to amend. Appellant filed a first amended complaint. The court sustained demurrers without leave to amend to appellant's causes of action for "tort of another" and apportionment of rental income; it granted leave to amend the causes of action for trespass and negligence.

Appellant filed a second amended complaint. The court sustained demurrers with leave to amend. Appellant filed a third amended complaint for trespass, nuisance, and negligence. Respondent demurred.

The court sustained demurrers to the third amended complaint without leave to amend. The court concluded that respondent did not alter the home's position or cause the movement of the land, in an area known for significant, ongoing landslides. It wrote, "the unique conditions in this area are beyond the control of any landowner, therefore precluding a negligence action as a matter of law" and "there is no basis to conclude that defendants acted as anything other than reasonable persons in allowing the home's position to shift." Respondent did not intentionally, recklessly, or negligently trespass onto the Rancho parcel. For the same reason, appellant

---

[2] The defendant tenants are not parties to this appeal.

4

cannot state a nuisance claim.  The court dismissed appellant's case and entered judgment for respondent.

## DISCUSSION

### 1.  Appeal and Review

Appeal lies from a judgment of dismissal after demurrers are sustained without leave to amend.  (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.)  We review pleadings de novo to determine if a cause of action has been stated, accepting the truth of the complaint's facts but not the truth of contentions or conclusions of fact or law.  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125; *Vichy Springs Resort, Inc. v. City of Ukiah* (2024) 101 Cal.App.5th 46, 53.)  The order is upheld "[i]f no liability exists as a matter of law."  (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)

### 2.  The *Sprecher* Case

Appellant relies on *Sprecher, supra,* 30 Cal.3d 358.  Sprecher owned property in Malibu, on the toe of a large landslide active since the early 1900's.  Adamson also owned property on the landslide, "a natural condition of the land which has not been affected by any of respondents' activities."  (*Id.* at p. 361.)  Heavy rains led to major movement, causing Sprecher's house to press against the home of his neighbor, who sued to enjoin his encroachment; Sprecher cross-complained against Adamson for failing to correct or control the landslide.  (*Ibid.*)

Our Supreme Court repudiated "the old common law rule" immunizing a landowner "from liability for injury caused by a natural condition of his land to persons or property not on his land."  (*Sprecher, supra,* 30 Cal.3d at p. 360.)  Instead, a negligence analysis applies to natural conditions of land:

Liability may be imposed for harm caused by " 'want of ordinary care . . . in the management of . . . property.' " (*Id.* at p. 371.) "The question is whether in the management of his property, the possessor of land has acted as a reasonable person under all the circumstances. The likelihood of injury to plaintiff, the probable seriousness of such injury, the burden of reducing or avoiding the risk, the location of the land, and the possessor's degree of control over the risk-creating condition are among the factors to be considered by the trier of fact in evaluating the reasonableness of a defendant's conduct." (*Id.* at p. 372.)

The court reversed summary judgment in favor of Adamson and remanded the case to allow Sprecher to marshal evidence showing Adamson could have taken measures to prevent the landslide from harming his home. The record showed Adamson "knew or had reason to know of the landslide but did nothing to abate the condition. Further, proper excavation and sloping at the head of the slide together with dewatering might have been effective in preventing the landslide from harming appellant's home. [¶] . . . [A] rational inference can be drawn that effective measures for the control of the slide were within respondents' reach." (*Sprecher, supra,* 30 Cal.3d at p. 373.)

### 3. Appellant's Claims

### a. Negligence

Appellant alleges that respondent owed a duty to reasonably maintain its house and prevent it from encroaching on the Rancho parcel. Respondent breached its duty of care by (a) failing to take any action to prevent its house from moving onto appellant's property; (b) failing to remove its house, once it moved onto appellant's land; and (c) renting its house, which creates daily trespasses onto appellant's land and a potential

6

landlord-tenant relationship. Appellant is harmed by respondent's conduct.

" '[T]he basic policy of this state . . . is that everyone is responsible for any injury caused to another by his want of ordinary care or skill in the management of his property. . . . The proper test to be applied to the liability of the possessor of land . . . is whether in the management of his property he has acted as a reasonable [person] in view of the probability of injury to others.' " (*Sprecher, supra,* 30 Cal.3d at p. 371, quoting *Rowland v. Christian* (1968) 69 Cal.2d 108, 118–119.)

In *Sprecher*, the court allowed the plaintiff to sue for damage proximately caused by "respondents' negligent failure to correct or to control the landslide condition." (*Sprecher, supra,* 30 Cal.3d at p. 361.) This is true even if (a) the landslide is larger than the defendant's parcel, (b) corrective measures would be costly and only slightly effective, and (c) a full solution would require measures to be taken upon the property of other landowners within the slide area. (*Id.* at p. 372.)

We are bound by *Sprecher*. Appellant has alleged that respondent had a duty to properly maintain its home to prevent it from moving. We must accept as true appellant's allegations that respondent took no actions to control movement over the past 50 years and allowed the home to slide onto appellant's land. For purposes of demurrer, this is enough.

We disagree with the trial court's finding that "the unique conditions in this area are beyond the control of any landowner" as a matter of law. Respondent's inability to control the entire Portuguese Bend landslide is not dispositive. Under *Sprecher,* "the duty to take affirmative action . . . is grounded in the possession of the premises and the attendant right to control and

7

manage the premises," not the defendant's ability to control the entire landslide. (*Sprecher, supra,* 30 Cal.3d at p. 368.) The landslide in *Sprecher* was "very large, very deep and very old," was subsiding into the ocean "for aeons," and was "widely known and accepted by the inhabitants of the area." (*Id.* at p. 374 (conc. opn. of Richardson, J.).) Despite these judicially noticeable facts, the uphill owner had to defend the lawsuit, even after its expert averred "it would not be possible for respondents totally to control the landslide," which extended beyond their property. (*Id.* at p. 372.)

Respondent took no measures to halt movement on their land—such as a dewatering system, using a holding tank not a septic system, or placing stabilizing anchors. On demurrer, we lack information to declare, as a matter of law, that *nothing* could have arrested the movement of respondent's house. Under *Sprecher,* expert evidence is required to determine whether respondent could have taken reasonable steps.[3] The rule that an uphill property owner is immune from liability for a landslide is no longer in effect in California, after *Sprecher*.

### b. Trespass

The elements of a trespass are (1) plaintiff's ownership of property; (2) defendant's "intentional, reckless, or negligent entry onto the property"; (3) lack of permission; (4) harm; and (5) the conduct was a substantial factor in causing plaintiff's harm.

---

[3] As our colleagues in Division Eight wrote, with respect to Portuguese Bend, "Homeowners in the area have turned to innovative methods of anchoring their homes in place even as the landslide moves down the hill." (*Joannou v. City of Rancho Palos Verdes* (2013) 219 Cal.App.4th 746, 750.)

8

(*Ralphs Grocery Co. v. Victory Consultants, Inc.* (2017) 17 Cal.App.5th 245, 262.)

"[T]o state a cause of action for trespass a plaintiff must allege an unauthorized and tangible entry on the land of another, which interfered with the plaintiff's exclusive possessory rights." (*McBride v. Smith* (2018) 18 Cal.App.5th 1160, 1174.) " 'A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it." (*Newhall Land & Farming Co. v. Superior Court* (1993) 19 Cal.App.4th 334, 345.) " '[T]ortious conduct' " may be either an act or an omission giving rise to tort liability. (*Ibid.*)

Appellant owns the Rancho parcel. It alleges that respondent "allowed [its] house [to] move onto the Rancho Parcel" and took no action "to remove the trespass once it occurred." Respondent "intentionally rented out the house," allowing tenants to enter appellant's property daily. Appellant did not consent to this entry and is harmed by its inability to fully use the Rancho parcel.[4] Respondent knew about the trespass: His attorney wrote to discuss the encroachment soon after appellant purchased the land.

Appellant alleges that respondent could have secured City approval to remove its encroaching house. Respondent argues that because of a moratorium on building in Portuguese Bend, it is "flatly prohibited from fixing the problem by moving the home

---

[4] At the pleading stage, we need not address appellant's likely difficulty in proving the element of harm, given City's moratorium on new construction in Portuguese Bend.

or any other shifting improvements."  Respondent has misread City law.

City prohibits approval or issuance of permits to construct *new* homes in Portuguese Bend.  (Rancho Palos Verdes Mun. Code, §§ 15.20.020 [prohibiting new permits], 15.20.030 [revoking previously issued but unused permits for new construction].)  However, the moratorium *does not apply* (1) to "[m]aintenance of existing structures"; or (2) to "[r]eplacement, repair, or restoration of a residential building or structure which has been damaged or destroyed" by a geological or other hazard, or (3) to minor projects of less than 1,200 square feet on lots with existing structures.  Homeowners must obtain a permit and show the work will not aggravate the existing landslide situation.  (*Id.,* § 15.20.040.)  City requires "Landslide mitigation measures" before issuing a landslide moratorium exception permit, by replacing septic systems with a holding tank, containing roof runoff, dedicating an easement to build a sewer and storm drain, and minimizing landscape irrigation.  (*Id.,* § 15.20.050.)

Appellant has sufficiently pleaded that respondent tortiously placed a structure on its land by negligently failing to take any measures to anchor the home, causing a continuing trespass.  In light of *Sprecher*, it is of no moment that respondent did not "direct any purported entry or encroachment onto the Rancho Property," as it argues.  A trespass may be negligent, not intentional, and the existence of negligence must be proven in the manner discussed in part 3.a. of this opinion, *ante*.

### c.   Nuisance

A nuisance is "an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." (Civ. Code, § 3479.)  " 'A nuisance is an interference with the

10

interest in the private use and enjoyment of the land and does not require interference with the possession.' " (*Wilson v. Interlake Steel Co.* (1982) 32 Cal.3d 229, 233; *Kafka v. Bozio* (1923) 191 Cal. 746, 747–752 [defendant's sinking foundation caused its building to increasingly encroach upon plaintiff's property, causing a nuisance]; *Olson v. Beck* (N.D.Cal. 2011) 2011 U.S. Dist. Lexis 114805 [a successful nuisance claim arose from gasoline contamination of property from the defendant's underground tanks, which interfered with plaintiff's comfortable enjoyment].)

Respondent argues that appellant's nuisance claim fails because it "is derivative of the negligence claim." In other words, the claim is that respondent allowed its home to move without taking any action to prevent the movement and abate the nuisance. "[T]he worlds of nuisance and negligence overlap and the two become merely alternative legal theories for redressing what is really the invasion of a single primary right: the right to the undisturbed enjoyment of one's property and land." (*Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal.App.3d 92, 104.) " 'A nuisance in many, if not most, instances, especially with respect to buildings or premises, presupposes negligence.' " (*Ibid.*) As discussed in part 3.a., *ante*, appellant has stated a claim for negligence. Whether appellant can *prove* negligence is not at issue here.

11

## DISPOSITION

The judgment of dismissal is reversed, and the case is remanded for further proceedings.  Appellant is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.


                                        LUI, P. J.

We concur:



CHAVEZ, J.



RICHARDSON, J.

12